## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **ALBERT W. CALLWOOD, MARIA DE LOS A. CALLWOOD,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ALBERT BRYAN, GOVERNOR; NELSON PETTY, PUBLIC WORKS COMMISSIONER; JOHN P. DEJONGH, JR.; KENNETH MAPP; CUSTOM BUILDERS; ISLAND ROADS CORPORATION; CYCLONE FENCING INC.; KEON RAWLINGS— SURVEYOR; GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)  **Case No. 19-cv-0041**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

**THIS MATTER** is before the Court *sua sponte*, on the Complaint of Plaintiffs Albert W. Callwood and Maria de Los A. Callwood ("the Callwoods"). For the reasons set forth herein, this matter will be dismissed for lack of subject matter jurisdiction.

On June 19, 2019, the Callwoods initiated this action by filing a complaint in this Court.[1] Though the precise nature of the Callwoods' claim is unclear, the Callwoods appear

---

[1] The Callwoods filed proofs of service for all defendants except Former Governor Kenneth Mapp on July 15, 2019, indicating that each defendant was served between June 19, 2019 and June 24, 2019. On July 9, 2019, Defendant Custom Builders filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). On July 19, 2019, Defendant Cyclone Fencing Inc. joined Custom Builders' motion. The Callwoods have filed no opposition thereto. None of the remaining defendants have answered or filed a motion under Federal Rule of Civil Procedure 12(b), (e), or (f). On December 16, 2019, January 7, 2020, February 3, 2020, March 2, 2020, August 4, 2020, September 2, 2020, October 1, 2020, November 3, 2020, December 1, 2020, January 4, 2021, February 1, 2021, March 18, 2021, April 1, 2021, May 3, 2021, and September 1, 2021, the Callwoods filed documents purporting to be amended complaints. The Callwoods did not seek leave from the Court to amend their pleadings. Accordingly, none of those pleadings are properly before the Court. *See* Fed. R. Civ. P. 15(a)(1)-(2); *see also Gagliardi v. Verizon Pennsylvania Inc.*, 357 Fed. App'x 413, 414 (3d Cir. 2009) ("Shortly after Trans Union removed the case to federal court and answered the complaint, Gagliardi attempted to amend the complaint. That attempt, styled

*Callwood v. Bryan, et al..*
Case No. 19-cv-0041
Order
Page 2

to claim that a governmental construction project on or near their property constitutes a taking of their property.

The Court has previously held:

> The Virgin Islands eminent domain statutes provide a complete and exclusive procedure to govern all condemnations for public purposes in the territory. *See* 28 V.I.C. §§ 411-422. These statutory procedures protect the rights of property owners and guarantee the constitutional safeguards to which owners are entitled. They provide the opportunity for the Callwoods to voice their core objection – that this taking is not, in fact, for public use.
> Such proceedings are ordinarily a function of the Virgin Islands Superior Court. Indeed, the Superior Court's exercise of this function is, in the first instance, exclusive. *See Brown v. Francis*, 75 F.3d 860 (3d Cir. 1996) (holding that the District Court erred when it asserted jurisdiction over an eminent domain case removed from the Territorial Court).

*Callwood v. Bryan*, 2018-cv-04, ECF No. 20 at 2 (D.V.I. Sept. 13, 2021); *Callwood v. Gov't of the Virgin Islands*, 2007-cv-104, ECF No. 18 at 4-5 (D.V.I. Feb. 4, 2011); s*ee also Callwood v. Gov't of the Virgin Islands*, 2014-cv-08, 2016 WL 1069066, at *1 (D.V.I. Mar. 17, 2016) ("The Virgin Islands eminent domain statutes provide a complete and exclusive procedure to govern all condemnations for public purposes in the territory. These statutory procedures protect the rights of property owners and guarantee the constitutional safeguards to which owners are entitled." (quoting *Callwood*, 2007-cv-104, ECF No. 18 at 4-5)). Therefore, the Court finds that the exclusive jurisdiction over eminent domain actions granted to the Superior Court

---

as his "First Amended Complaint," was unsuccessful because he did not seek leave to amend, as required by Fed. R. Civ. P. 15(a)(2).").

precludes the Court from exercising jurisdiction in this matter, especially where it is clear that the citizenship of the parties is not diverse.

If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). Accordingly, it is hereby

**ORDERED** that this matter is **DISMISSED** for lack of subject matter jurisdiction. It is further

**ORDERED** that all pending motions are **MOOT**. And it is further

**ORDERED** that the Clerk of Court shall **CLOSE THIS CASE.**

**Dated:** September 15, 2021              /s/ *Robert A. Molloy*
                                          **ROBERT A. MOLLOY**
                                          **Chief Judge**